UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS PAUL GUFFEY,

        Petitioner,               Case Number: 2:17-CV-12165
                                                HON. ARTHUR J. TARNOW

v.

S. L. BURT,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

Douglas Paul Guffey is in the custody of the Michigan Department of Corrections serving lengthy sentences for three counts of first-degree criminal sexual conduct, two counts of second-degree criminal sexual conduct, and two counts of fourth-degree criminal sexual conduct. Guffey has filed, through counsel, a petition for writ of habeas corpus under 28 U.S.C. § 2254. He claims the trial court violated his right to due process and a fair trial by admitting irrelevant other act evidence for an improper purpose. The Court denies the petition and denies a certificate of appealability.

**I.    Background**

Guffey's convictions arise from his inappropriate sexual conduct with three

teenage girls, each of whom worked as an apprentice at his horse farm in Richfield Township.  S.L. testified that, in July 2010, when she was fourteen years old, she began working at the horse farm.  Approximately six months into her apprenticeship, Guffey started touching her breasts and buttocks.  Ultimately, she and Guffey had intercourse more than three times and inappropriate sexual contact at least two times.

M.D. began a daily apprenticeship at Guffey's horse farm when she was fourteen years old.  She testified that Guffey made her uncomfortable because he suggested she remove her shirt on a hot day, touched her leg, talked to her about sex, and hugged her.  On one occasion, he put his hand on her leg when she was seated beside him.  He then moved his hand up to her genital area and made a vulgar comment.  M.D. kicked him and warned him not to do that again.

D.H. worked at the farm from the Spring through Fall of 2011.  D.H. was experienced with horses and able to mount and dismount without any assistance.  Nevertheless, on four or five occasions, Guffey placed his hand on her buttocks to ostensibly assist her in mounting a horse.  D.H. testified that she neither needed nor requested this assistance.  The placement of his hand on her buttocks made her uncomfortable and was not a proper or accepted way to provide such assistance.

Guffey presented four witnesses.  A farm employee testified that he

observed Guffey touch M.D.'s leg, but Guffey did not touch her vaginal area. Guffey's stepdaughter and ex-wife testified that they never witnessed Guffey touching anyone inappropriately. A private investigator testified that portions of the witnesses' testimony were inconsistent with the layout and terrain of the horse farm. Guffey did not testify in his own defense.

Following a jury trial in Genesee County Circuit Court, Guffey was convicted of three counts of first-degree criminal sexual conduct (CSC), Mich. Comp. Laws § 750.520b(1)(b)(iii), two counts of second-degree CSC, Mich. Comp. Laws § 750.520c(1)(b)(iii), and two counts of fourth-degree CSC, Mich. Comp. Laws § 750.520e(1)(b). The trial court sentenced him to 192 to 360 months for each first-degree CSC conviction, 60 to 180 months for each second-degree CSC conviction, and 361 days for each fourth-degree CSC conviction.

Guffey filed an appeal of right raising these claims: (i) other acts evidence was improperly admitted; (ii) insufficient evidence supported his convictions related to S.L.; and (iii) the trial court incorrectly scored offense variable 11. The Michigan Court of Appeals affirmed Guffey's convictions, but held that offense variable 11 was incorrectly scored. *People v. Guffey*, No. 317902, 2015 WL 213169 (Mich. Ct. App. Jan. 15, 2015). The court remanded the case to the trial court for resentencing. *Id.* The Michigan Supreme Court denied Guffey's

application for leave to appeal. *People v. Guffey*, 498 Mich. 866 (Mich. 2015).

On remand, the trial court resentenced Guffey to 156 to 360 months for each first-degree CSC conviction, 60 to 180 months for each second-degree CSC conviction, and 361 days for each fourth-degree CSC conviction. Guffey appealed his new sentence to the Michigan Court of Appeals which remanded the case to the trial court to "implement the *Crosby* remand procedure as articulated in *Lockridge*, 498 Mich. at 397-399, and reconsider defendant's sentences in light of *Milbourn*." *People v. Guffey*, No. 329869, 2017 WL 792041, *2-3 (Mich. Ct. App. Feb. 28, 2017). Guffey did not file an appeal to the Michigan Supreme Court. The trial court did not alter the sentence on remand.

Guffey then filed this habeas petition. He raises a single claim:

> The trial court denied Petitioner a fair trial and violated due process by erroneously admitting irrelevant and prejudicial bad acts evidence for an immaterial purpose.

## II. Standard of Review

This habeas petition is reviewed under the standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). Under AEDPA, a federal court cannot grant habeas relief with respect to any claim adjudicated on the merits in a state-court proceeding unless the state adjudication of the claim either:

4

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam), quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) quoting *Williams*, 529 U.S. at 413. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011), quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). To obtain relief under § 2254(d)(2), a

petitioner must show an unreasonable determination of fact *and* that the resulting state court decision was "based on" that unreasonable determination. *Rice v. White*, 660 F.3d 242, 250 (6th Cir. 2012).

A federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### III. Discussion

Guffey's petition challenges the admission of other acts evidence. He argues that the trial court violated his right to due process and a fair trial by allowing evidence of other uncharged acts. Guffey fails to specifically identify the other acts evidence he claims was improperly admitted. Instead, he asserts a general challenge to unspecified other acts evidence. On direct appeal, the Michigan Court of Appeals understood this claim to concern the admission of other uncharged acts against D.H. and M.D., and, because Guffey makes no contrary argument here, the Court concludes he challenges the same evidence in his petition.

First, Guffey was charged with two counts of fourth-degree CSC related to D.H. She testified that he placed his hand on her buttocks several times. The Michigan Court of Appeals rejected Guffey's argument that this testimony should

6

have been excluded because it lacked sufficient similarity to the allegations of penetration alleged by S.L. The court of appeals found the evidence properly admitted "as direct evidence of the charged fourth-degree CSC acts perpetrated by defendant against [D.H.], and not as evidence of 'other acts' of sexual contact." *Guffey*, 2015 WL 213169 at *1. Guffey fails to challenge the state court's conclusion and fails to explain how admission of evidence directly related to two of the charged offenses denied him a fair trial.

Second, Guffey was charged with one count of second-degree CSC for touching M.D.'s buttocks. M.D. also testified that, on another occasion, Guffey grabbed her crotch while making a sexual reference. Guffey was not charged regarding the second incident and argues that this testimony, therefore, was inadmissible. The Michigan Court of Appeals found the testimony properly admitted under state statutory and evidentiary law. *Id.* at *2. The state court noted that the other acts evidence satisfied the state's requirement that there be similarity between the other acts and the charged acts:

> All three victims were female teenagers who worked as apprentices on defendant's farm. The charged second-degree and fourth-degree CSC offenses that the victims experienced were unwanted and unexpected touchings, which corresponded to the type of uncharged touching that MD detailed. Although the acts were not precisely the same, each constituted defendant's sexual advance against a young female who defendant supervised, and involved defendant's opportunistic assaults of teen females who knew and trusted him.

7

> ... [I]n total, the high probative value of the other acts evidence was not substantially outweighed by the danger of unfair prejudice. The other acts testimony of MD was probative of defendant's intent to engage in the charged conduct for a sexual purpose, and thus provided further evidence that defendant had a propensity to sexually assault female teenagers whom he supervised. There is no basis to conclude that the trial court abused its discretion by permitting MD's other acts testimony.

*Guffey*, 2015 WL 213169 at *2-3.

"There is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). The Supreme Court has discussed when other acts testimony is permissible under the Federal Rules of Evidence, *see Huddleston v. United States*, 485 U.S. 681 (1988), but has not addressed the issue in constitutional terms, finding admission of such testimony is more appropriately addressed in codes of evidence and procedure than under the Due Process Clause. *Dowling v. United States*, 493 U.S. 342, 352 (1990). Consequently, there is no "clearly established federal law" to which the state court's decision could be "contrary" within the meaning of section 2254(d)(1). *Bugh*, 329 F.3d at 513.

Additionally, Guffey fails to show that the admission of this evidence was so egregious that he was denied his right to a fair trial. An evidentiary ruling may

violate the Due Process Clause (and thereby provide a basis for habeas relief) where the ruling "is so extremely unfair that its admission violates 'fundamental conceptions of justice.'" *Dowling v. United States*, 493 U.S. 342, 352 (1990) (quoting *United States v. Lovasco*, 431 U.S. 783, 790 (1977)); *Bugh v. Mitchell*, 329 F.3d 496, 512 (2003). The Supreme Court "defined the category of infractions that violate fundamental fairness very narrowly." *Estelle*, 502 U.S. at 73 (1991). To violate due process, an evidentiary decision must "offend[ ] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (citation omitted).

Here, the trial court acted well within the bounds of due process when it admitted the other acts evidence. The transcripts show that the court considered the evidence's relevance, purpose, and the potential for prejudice. This Court has no basis on which to conclude that the evidence was admitted in violation of Guffey's due process rights. The Court will deny habeas relief.

## IV. Certificate of Appealability

In order to appeal the Court's decision, Guffey must obtain a certificate of appealability. To obtain a certificate of appealability, Guffey must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

He must show that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Jurists of reason could not debate the Court's denial of Guffey's sole claim for relief. The Court denies a certificate of appealability.

## V. Conclusion

For the reasons stated above, the Court DENIES the petition for a writ of habeas corpus and DENIES a certificate of appealability.

SO ORDERED.

    s/Arthur J. Tarnow
ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

Dated: February 3, 2020